# 2016-35858 / Court: 055

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

| Name: | Email: |
|---|---|
| Anis Damani | anisdamani@yahoo.com |

Address:
8303 Southwest Freeway Ste 111

Telephone:
832-333-7000

City/State/Zip:
Houston, TX 77074

Fax:
1-866-4836981

Signature:

State Bar No:
24072059

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

Atancio Barrientos

Defendant(s)/Respondent(s):

The Lincoln National Life Insurance Company

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
☒ Attorney for Plaintiff(s)/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

### Civil

**Contract**

*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☒ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:

☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other:

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Paternity/Parentage
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

### Other Civil
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

*Probate & Mental Health*
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health

EXHIBIT _A_

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13



Unofficial Copy Office of Chris Daniel District Clerk

5/31/2016 6:10:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10903459
By: Bonnie Lugo
Filed: 5/31/2016 6:10:24 PM

# 2016-35858 / Court: 055

### CAUSE NO. _____

| | | |
|---|---|---|
| ATANCIO BARRIENTOS | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY |
| | § | |
| THE LINCOLN NATIONAL | § | |
| LIFE INSURANCE COMPANY | § | |
| Defendant | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Come now Plaintiff herein, Atancio Barrientos, through their attorney of record, and files this original petition against Defendant, Lincoln Financial Group, and respectfully shows the Court the following:

### I.  DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2.

### II.  PARTIES

2. Plaintiff is an individual residing in Texas and may be served through the undersigned attorney of record.

3. Defendant, The Lincoln National Life Insurance Company, is a foreign corporation organized and existing under the laws of Indiana. While their corporate office is located at 1300 South Clinton Street, Fort Wayne, Indiana, 46802, the corporation is authorized to conduct business in Texas and may be served through its registered agent for service of process, Corporate Service Company, 211 E. 7th Street Suite 620, Austin, TX 78701-3218.

### III.  RELIEF

4. Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney's fees.

### IV.  JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6. Venue is proper in Harris County under the Texas Civil Practice and Remedies Code section 15.002 because: 1) all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County; and 2) Defendant, The Lincoln National Life Insurance Company, a corporation, is authorized to do business in Texas.

## V.    FACTS

7. Plaintiff has been a policy holder of life insurance policy insured by the Defendant for about ten years. Plaintiff paid the policy on a monthly basis through his bank account.

8. When the policy was initially activated over a decade ago, Defendant was made aware of any and all health issues the Plaintiff had. There have been no changes in the Plaintiff's health issues since signing up with the Defendant for life insurance.

9. On or around May 21, 2014 Defendant sent a notice regarding a lapse in payments toward the life insurance policy held by the Plaintiff because the payment was not received within the "grace period." Payments were continuously made and received by the Defendant.

10. Throughout the policy, Plaintiff continued to make regular monthly payments to the Defendant. Defendant has continuously ignored the Plaintiff.

11. Plaintiff has lost the life insurance policy which he has paid into for about a decade.

## CAUSES OF ACTION

### *Agency*

12. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

13. Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

*Fraud by Nondisclosure*

14. Paragraphs 1 to 13 are realleged and incorporated by reference.

15. Defendant concealed or failed to disclose material facts related to the application and the terms of the contract in order to induce the Plaintiff to sign up with the Defendant Company.

16. Defendant had a duty to disclose the terms and restrictions of the policy upon being notified of the concerns and medical issues of the Plaintiff.

17. The information was material because it dictated the terms and circumstances of the life insurance policy coverage, for which the Plaintiff relied on the Defendant's knowledge.

18. Defendant deliberately remained silent, taking payments while aware that the company was unwilling to cover the Plaintiff under the policy as initially stated.

19. By deliberately remaining silent, and well aware of all circumstances, the Defendant executed the arrangement.

*Unfair Collection*

20. Paragraphs 1 to 10 are realleged and incorporated by reference.

21. Defendant is a debt collector. Specifically because, it has sent solicitations and demand letters throughout their relationship with the Plaintiff demanding payment for a consumer debt.

22. Defendant violated the Texas Debt Collection Act (TDCA) when defendant made misleading representations to collect this debt. Despite receiving consistent payments toward the policy, Defendant represented that no payments were received.

Page 3 of 7

23. Defendant violated the TDCA when the defendant used unconscionable means to collect this debt. Maximizing the extent of the Plaintiff's desperation, the Defendant then cancelled the policy and quoted a more expensive policy to the Plaintiff in order to charge the Plaintiff more.

24. Defendant's wrongful act was committed against the Plaintiff and led to the cancellation of a life insurance policy on which he has been paying for over ten years.

### *Texas Deceptive Trade Practices Act*

25. Incorporating paragraphs 1-13, Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices – Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et. seq.), as alleged herein below.

26. Unconscionable Action or Course of Action. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiff to a grossly unfair degree. Here, the Defendant took advantage of the Plaintiff, wrongfully entered into the contract, continued to take payments from the Plaintiff and then without explanation or cause canceled the policy and retained his earlier payments without justification, knowing that the Plaintiff was in a dire situation and it would be costly for Plaintiff to take any legal action.

27. Violations of Section 17.46(b). Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendants:

      (a)    represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

sesión

(b)     represented that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; and

(c)     failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

28. <u>Producing Cause.</u> Plaintiff would further show the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

29. <u>Reliance.</u> Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment. Specifically, Plaintiff relied on Defendant's agreement to accept Plaintiff's mortgage payments under the modified program.

30. <u>Written Notice Given.</u> Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by Certified letter dated February 28, 2013, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees. Defendant has failed to respond to the notice.

<div align="center">DAMAGES</div>

31. <u>Exemplary Damages.</u> Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff, which entitles plaintiff to exemplary damages under the Texas Civil Practice and Remedies Code section 41.003(a). Defendant's actions laced with malice led to

the foreclosure of Plaintiff's home. Plaintiff later had to spend close to $9,000 to redeem her property.

32. <u>Actual Damages.</u> Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

      (a)    Out-of-pocket expenses;

      (b)    Interest and/or finance charges assessed against and paid by Plaintiff;

      (c)    Loss of the "benefit of the bargain;"

      (d)    Diminished or reduced market value; and

      (e)    Costs of repairs.

33. <u>Attorney's Fees.</u> Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the TEXAS BUSINESS AND COMMERCE CODE; (b) Chapter 38 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE; and, (c) common law.

### REQUEST FOR DISCLOSURE

34. Pursuant to TEX. R. CIV. P. 194, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

### PRAYER

    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Atancio Barrientos, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of

the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

DAMANI LAW FIRM, PLLC

By:  /s/ Anis Damani
Anis Damani
Texas Bar No. 24072059
8303 Southwest Freeway, Suite 111
Houston, Texas 77074
Tel. (832) 339-7000
Fax. (866) 483-6981
AnisDamani@yahoo.com

CAUSE NO. 201635858

|  | RECEIPT NO. | 0.00 | CIV |
|--|--|--|--|
|  | ********* | TR # 73308119 |  |

PLAINTIFF: BARRIENTOS, ATANCIO                     In The  55th
     vs.                                          Judicial District Court
DEFENDANT: LINCOLN FINANCIAL GROUP                 of Harris County, Texas
                                                   55TH DISTRICT COURT
                                                   Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: LINCOLN NATIONAL LIFE INSURANCE COMPANY (THE) (A FOREIGN CORPORATION)
    MAY BE SERVED BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
    OR WHEREVER DEFENDANT MAY BE FOUND
    211 E 7TH STREET SUITE 620  AUSTIN TX 787013218


    Attached is a copy of <u>PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION</u>

This instrument was filed on the <u>8th day of September, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 7th day of November, 2016, under my hand and
seal of said Court.

<u>Issued at request of:</u>                        CHRIS DANIEL, District Clerk
DAMANI, ANIS NURUDIN                                Harris County, Texas
8303 SOUTHWEST FREEWAY SUITE 112                    201 Caroline     Houston, Texas 77002
HOUSTON, TX 77074                                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (832) 333-7000
<u>Bar No.:</u> 24072059                             GENERATED BY: COLLINS, IRIS TROISH  IKS//10479847

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____      copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

                                            _____

                                            _____ of _____ County, Texas


_____          By _____
          Affiant                                      Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                            _____
                                            Notary Public

N.INT.CITR.P

## CIVIL PROCESS REQUEST FORM

11/4/2016 3:16:10 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13635265
Filed: 11/4/2016 3:16:10 PM
By: Iris Collins

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 2016-35858 _____     **CURRENT COURT:** 55th _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition _____

**FILE DATE OF MOTION:** 9/8/2016 _____
_____Month/_____Day/_____Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.   NAME: Corporate Service Company _____

     ADDRESS: 211 East 7th Street, Suite 620 Austin, Texas 78701-3218 _____

     AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
☒ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Gail Bell     Phone: 713-859-8912
☐ **MAIL**                                ☐ **CERTIFIED MAIL**
☐ **PUBLICATION:**
     Type of Publication: ☐ **COURTHOUSE DOOR,  or**
                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____
☐ **OTHER,** explain _____

**ATTENTION: Effective June1, 2010**

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,

*********************************************************************************************************

2.   NAME: _____

     ADDRESS: _____

     AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____     Phone: _____
☐ **MAIL**                                ☐ **CERTIFIED MAIL**
☐ **PUBLICATION:**
     Type of Publication: ☐ **COURTHOUSE DOOR,  or**
                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____
☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Anis Damani _____     TEXAS BAR NO./ID NO. 24072059 _____

MAILING ADDRESS: 8303 Southwest FWY, Ste. 111 Houston, Texas 77074 _____

PHONE NUMBER: 832 _____ 333-7000 _____   FAX NUMBER: 866 _____ 483-6981 _____
_____area code___phone number_____area code___fax number

EMAIL ADDRESS: anisdamani@yahoo.com _____

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
1 _____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
              (specify)

MOTION TO: _____
              (specify)

**PROCESS TYPES:**

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Chris Daniel District...



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

*Civil Process Pick-Up Form*

ENTERED
VERIFIED  16

CAUSE NUMBER: 2016-35858

ATY _____     CIV _____     COURT 55th

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Damani, Anis          *PH: 832) 333-7000

*CIVIL PROCESS SERVER: Gail Bell #27

*PH: 713) 859-8912

*PERSON NOTIFIED SVC READY: _____

* NOTIFIED BY: **IRIS COLLINS** * DATE _____

---

Type of Service Document: _____     Tracking Number 73308119
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____

*Process papers prepared by:* Iris T. Collins

Date: 11/7/ , 2016     30 days waiting 12-7-16

---

*Process papers released to: Gail Bell
                              (PRINT NAME)

713 859-8912          Gail Bell
*(CONTACT NUMBER)     (SIGNATURE)

*Process papers released by:      Brianna Denman
                                  (PRINT NAME)

                                  (SIGNATURE)

* Date: 11-10-16 , 2016  Time: 2:31   AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**Entire document must be completed**   (do not change this document)  Revised 1/9/2015

CONFIRMED FILE DATE: 11/7/2016

9/8/2016 2:48:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 1259529
By: DANIEL FLORES
Filed: 9/8/2016 2:48:24 PM

CAUSE NO. 2016-35858

| | | |
|---|---|---|
| ATANACIO BARRIENTOS, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | HARRIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | 55th JUDICIAL DISTRICT |
| THE LINCOLN NATIONAL | § | |
| LIFE INSURANCE COMPANY, | § | |
| Defendant | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Plaintiff herein, Atanacio Barrientos ("Plaintiff"), through their attorney of record, and files this original petition against Defendant, The Lincoln National Life Insurance Company ("Lincoln"), and respectfully shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2.

### II. PARTIES

2. Plaintiff Atanacio Barrientos is an individual citizen and resident of Harris County, Texas.

3. Defendant, The Lincoln National Life Insurance Company, is a foreign corporation organized and existing under the laws of Indiana but is authorized to conduct business in Texas. Defendant may be served through its registered agent for service or process is Corporate Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 or wherever Defendant may be found.

### III. RELIEF

4. Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney's fees.

## IV.   JURISDICTION AND VENUE

5. Subject matter jurisdiction is properly vested in this Court because the amount in controversy is within the Court's jurisdictional requirements.

6. This court has jurisdiction over the Defendant because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would show that Defendants had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

8. Plaintiff is not making a claim or cause of action pertaining to a federal question. All of Plaintiff's claims relate to misrepresentation and/or omissions by the Defendant.

9. Venue is proper in Harris County under the Texas Civil Practice and Remedies Code § 15.002 because: 1) all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County; 2) Plaintiff is from Harris County, was engaged in a life insurance plan in Harris County, was presented with and relied upon fraudulent information regarding life insurance in Harris County, and suffered all damages that they complain of in Harris County; and 3) Defendant, The Lincoln National Life Insurance Company, a corporation, is authorized to do business in Texas

10. Venue is also proper in Harris County under the Texas Business & Commerce Code §17.56 because this suit is filed in the county where the negligent, deceptive, misleading and fraudulent conduct occurred.

## V.   FACTS

11. Before September 29, 1999, Plaintiff was approached by a solicitor, an agent of the Defendant, in regards to purchasing life insurance policy. The policy terms were not properly explained at the time by the agent of the Defendant.

12. On or around September 29, 1999, Plaintiff registered as a policyholder of a life insurance policy insured by the Defendant.

13. On or around September 29, 1999, when Plaintiff registered for a life insurance policy insured by the Defendant, Defendant was made aware of any and all preexisting health conditions.

14. Plaintiff has been a policyholder of life insurance policy insured by the Defendant for about ten years. Plaintiff paid the policy on a monthly basis through his bank account.

15. On or around May 21, 2014, Defendant sent a notice regarding a lapse in payment toward the life insurance policy held by the Plaintiff because the payment was not received within the "grace period."

16. Plaintiff was advised to apply for reinstatement by the Defendant, by which the Plaintiff complied.

17. Plaintiff then completed the reinstatement application and provided the premium payment as per the guidelines for policy reinstatement. Both the initial and reinstatement application indicate the onset of diabetes in 1995.

18. Plaintiff continued to make regular premium payments that are usually required for reinstatement consideration. The Defendant received the payments regularly.

19. Plaintiff was then refused from the life insurance policy, which he has paid into for over ten years despite completing the reinstatement application and providing a premium payment.

20. In exchange, Defendant quoted a larger and more expensive health insurance policy to the Plaintiff despite no change in health conditions and Plaintiff's already invested amount for a health insurance policy.

21. Plaintiff and Plaintiff's counsel have notified Defendant of wrongdoings, but have repeatedly been ignored.

## VI.    CAUSES OF ACTION

### *Breach of Contract*

22. Paragraphs 1 through 21 are reiterated and incorporated for reference.

23. On March 31, 1999, plaintiff and defendant executed a valid and enforceable written contract. Plaintiff attached a copy of the contract as Exhibit A and incorporates it by reference. The contract provided that plaintiff would complete a reinstatement application prior to the Expiry Date, due proof that the Insured is insurable, payment of the premium from the date agreed to reinstate to next premium due date, and payment of premium due for any coverage provided under Grace Period, and that defendant would reinstate, or restore, the original policy.

24. Plaintiff substantially performed plaintiff's contractual obligation. Plaintiff completed the reinstatement application, completed a physical to prove its insurable characteristic, and provided payment of premiums.

25. Defendant breached the contract by repudiating the performance of its contractual obligation. Defendant received the reinstatement application, accepted the physical from

the doctor that proved insurability, and Defendant accepted and/or applied the premium payments, but did not reinstate the Plaintiff to his original policy.

26. Defendant's breach caused injury to the plaintiff, which resulted in the following damages: Plaintiff was dropped from life insurance policy.

27. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

28. <u>Attorney fees.</u> Plaintiff is entitled to recover reasonable and necessary attorney fees under the Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to defendant. Defendant did not tender the amount owed within 30 days of when the claim was presented.

### *Common-Law Fraud*

29. Paragraphs 1 through 21 are reiterated and incorporated for reference.

30. Defendant represented to plaintiff in a letter noting that Defendant would reinstate the Plaintiff to his original life insurance policy without mention of any external factors.

31. Defendant's representation to plaintiff was material because a reasonable person would attach importance to and be induced to act on the information in determining whether to continue making premium payments to defendant. If plaintiff was aware that he might not be reinstated, he would not have applied for reinstatement.

32. Defendant's representation to plaintiff was a false statement of fact because it was an untrue, deceptive, or misleading statement concerning a past or present fact. Defendant was aware that progressions in disease could result in dropping plaintiff from policy but failed to mention this.

33. Defendant's false representation directly and proximately caused injury to plaintiff, which resulted in the following damages: Plaintiff was dropped from life insurance policy.

34. Plaintiff seeks damages within the jurisdictional limits of this Court.

35. Exemplary damages. Plaintiff's injury resulted from defendant's actual fraud or malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)

### Negligence

36. Paragraphs 1 through 21 are reiterated and incorporated for reference.

37. Defendant owed a legal duty to plaintiff but fell below a professional's standard of ordinary care. Defendant failed to notify Plaintiff of defaults in payment and note that the premium payments which were originally accepted were in fact not going to be applied.

38. Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages: premium payments and removal from life insurance policy.

39. Plaintiff seeks damages within the jurisdictional limits of this Court.

### Vicarious Liability - Agency

40. Paragraphs 1 through 21 are reiterated and incorporated for reference.

41. At the time of defendant dropping plaintiff from life insurance policy, defendant The Lincoln National Life Insurance Company had, through lack of due care, allowed its agent to believe that actions taken on behalf of defendant were authorized. Defendant's agent wrote a letter to Plaintiff suggesting completing the reinstatement application although Defendant was aware that Defendant would not be granting reinstatement due to progression of disease.

42. At the time of the situation mentioned above, the agent was acting within the scope of authority granted by The Lincoln National Life Insurance Company. The agent believed he had authority from The Lincoln National Life Insurance Company.

43. Defendant did not tender the amount owed within 30 days of when the claim was presented.

*Misrepresentations*

44. Paragraphs 1 through 21 are reiterated and incorporated for reference.

45. A representation may be implied from the circumstances of the transaction. Specifically, Defendant continued to accept and apply premium payments, a term for reinstatement for life insurance policy.

46. Plaintiff did not receive reimbursement for payment until plaintiff's application was rejected months later.

47. Plaintiff implied from the Defendant's actions, acceptance of premium payments, that his policy was reinstated.

*Bad Faith*

48. Paragraphs 1 through 21 are reiterated and incorporated for reference.

49. An insurance contact existed between Atanacio Barrientos and defendant, and plaintiffs were third party beneficiaries.

50. This insurance contract created a duty of good faith and fair dealing which defendant breached when it denied payment when liability was reasonably clear.

51. Defendant's breach proximately caused Plaintiff's damages for which Plaintiff now sues.

52. Plaintiff hereby brings a cause of action for bad faith, independent of Plaintiff's claims under the Texas Insurance Code. See *Provident Am. Ins. Co. v. Castaneda, 988 S.W.2d 189.193 (Tex 1998); Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 50-51 (Tex. 1997)*

*Texas Deceptive Trade Practices Act*

53. Paragraphs 1 through 20 are reiterated and incorporated for reference.

54. Plaintiff would show that Defendant has violated and continues to violate TEX. BUS. & COM. CODE § 17.41, *et. seq.* by engaging in in certain false, misleading and deceptive acts, practices and/or omissions.

55. <u>Unconscionable Action or Course of Action.</u> Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Texas Business and Commerce Code § 17.45(5), by taking advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiff to a grossly unfair degree. Here, the Defendant took advantage of the Plaintiff, wrongfully entered into the contract, continued to take payments from the Plaintiff and then without explanation or cause cancelled the policy, and retained his earlier payments without justification, knowing that the Plaintiff was in a dire situation and it would be costly for Plaintiff to take any legal action.

56. <u>Violations of Section 17.49(b).</u> Defendant violated Texas Business and Commerce Code § 17.46(b), in that Defendant:

    a.   Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. Specifically, Defendant referenced the contract signed which details the reinstatement process, which it did not oblige by.

    b.   Represented that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; and

    c.   Failed to disclose information concerning goods or services, which was known at the time of the transaction with the intention to induce the consumer into a transaction, into which the consumer would not have entered had the information

been disclosed. Defendant did not mention that the progression of diabetes would suffice the defendant to drop plaintiff from policy.

57. Producing Cause. Plaintiff would further show the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

58. Reliance. Plaintiff would further show the acts, practices and/or omissions complained of under Texas Business and Commerce Code § 17.46(b) were relied upon by Plaintiff to Plaintiff's detriment. Specifically, Plaintiff relied on Defendant's agreement to accept

59. Written Notice Given. Plaintiff has timely notified Defendant of such complaint pursuant to Texas Business and Commerce Code § 17.505(a) by Certified letter dated November 10, 2014.

## VII.   DAMAGES

60. Mental Anguish Damages. Defendant acted knowingly, which entitles plaintiff to recover mental-anguish damages under Texas Business & Commerce Code § 17.50(b)(1)

61. Actual Damages. Plaintiff sustained economic and actual damages as a result of the actions and/or omissions of Defendant hereinabove.

62. Attorney's Fees. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) TEXAS BUSINESS AND COMMERCE CODE §17,50(D); (b) TEXAS CIVIL PRACTICE AND REMEDIES CODE Chapter 38; and (c) common law.

## REQUEST FOR DISCLOSURE

63. Pursuant to TEX. R. CIV. P. 194, Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Atanacio Barrientos, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court and such other and further relied to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully Submitted,

DAMANI LAW FIRM, PLLC
*/s/ Anis Damani*
Anis Damani
Texas Bar No. 24072059
8303 Southwest Freeway, Suite 111
Houston, Texas 77074
Tel. (832) 333-7000
Fax. (866) 483-6981
AnisDamani@yahoo.com

This policy has been written in readable language to help you understand its terms. As you read through the policy, remember the words "you" and "your" refer to you, the Owner of this policy. Similarly, the words "we", "us", and "our" refer to Guarantee Life Insurance Company.

This policy is a legal contract between you and us. READ THIS POLICY CAREFULLY.

We will pay the Policy Proceeds to the Beneficiary, subject to all provisions of this policy, if the Insured dies while this policy is in effect. Payment will be made upon receipt of due proof of the Insured's death. This policy is issued in consideration of the application and of the payment, in advance, of the required premiums.

## TEN DAY RIGHT TO CANCEL POLICY

At any time within ten (10) days after receiving this policy, you may return it to us or to the agent through whom it was purchased. This policy will be void as if never issued. All premiums paid will be refunded.

Signed for Guarantee Life Insurance Company (a stock company) at Omaha, Nebraska.

_Richard A. Spielman_
Secretary

_R. N. Baxter_
President

**TERM LIFE INSURANCE TO AGE 90**
Initial Premium is level for the Initial Rate Period shown in the Policy Specifications.
Premiums in subsequent policy years increase each year,
but will not exceed the Guaranteed Maximum Premiums.
This policy may be renewed each year until, but not beyond, the Expiration Date.
This is a Nonparticipating Policy.

50652-95

**GUARANTEE
LIFE INSURANCE
COMPANY**

Guarantee Centre

8801 Indian Hills Drive

Omaha, NE 68114

402-361-7300

1-800-462-4660

Unofficial Copy Office of Chris Daniel District Clerk

GUARANTEE LIFE INSURANCE COMPANY

# POLICY SPECIFICATIONS

| POLICY BENEFITS | COVERAGE EXPIRATION DATE | INITIAL GUARANTEED ANNUAL PREMIUM* | YEARS PAYABLE | FORM |
|---|---|---|---|---|
| TERM LIFE TO AGE 90 | SEPTEMBER 23,2039 | $739.00 | 01-30 | 50652-95 |
| SPECIAL CLASS | SEPTEMBER 23,2019 | $566.00 | 01-20 | |
| ACCELERATED BENEFIT RIDER** | | | | ABR50-94TX |

**THE ACCELERATED BENEFIT RIDER IS A NO COST RIDER THAT PERMITS UP TO 50%
OF THE ELIGIBLE AMOUNT OF INSURANCE TO BE ACCELERATED UPON DIAGNOSIS OF A
TERMINAL ILLNESS.  IF EXERCISED, THERE IS AN INTEREST CHARGE AND A $150
ADMINISTRATIVE CHARGE.  PLEASE SEE THE RIDER'S PROVISIONS FOR DETAILS.

 * GUARANTEED MAXIMUM PREMIUMS FOR POLICY YEARS NOT
   SHOWN ABOVE ARE INDICATED ON THE FOLLOWING PAGE.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

| TOTAL PREMIUMS | ANNUAL PAYMENT | PRE-AUTHHORIZED MONTHLY PAYMENT |
|---|---|---|
| FIRST POLICY YEAR | $1,305.00 | $116.15 |

THE INITIAL RATE PERIOD FOR THE POLICY IS 30 POLICY YEARS.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

    A DETAILED STATEMENT OF THE METHOD OF CALCULATION OF ALL VALUES HAS
    BEEN FILED WITH THE INSURANCE SUPERVISORY OFFICIAL OF THE STATE IN
    WHICH THIS POLICY IS DELIVERED.  ALL VALUES ARE EQUAL TO OR GREATER
    THAN THOSE REQUIRED BY THAT STATE.

Unofficial Copy Office of Chris Daniel District Clerk

| INSURED | ATANACIO B BARRIENTOS | DATE OF ISSUE | SEPTEMBER 23,1999 |
|---|---|---|---|
| ISSUE AGE AND SEX | 50   MALE | FACE AMOUNT | $100,000 |
| PREMIUM CLASS | PREFERRED SPECIAL | POLICY NUMBER | 21862299 |

50652-95

PREMIUM CLASS PREFERRED [illegible]

ISSUE AGE AND SEX 50 MALE [illegible] $100 [illegible]

INSURED [illegible] DATE OF ISSUE SEP [illegible] 23, 1999

GUARANTEED MAXIMUM ANNUAL PREMIUMS AFTER THE FIRST POLICY YEAR:

| AGE ATT'D | TERM LIFE BENEFIT | TOTAL PREMIUM GUARANTEED | AGE ATT'D | TERM LIFE BENEFIT | TOTAL PREMIUM GUARANTEED |
|---|---|---|---|---|---|
| 51 | 1,305.00 $ | 1,305.00 | 71 | $ 739.00 $ | 739.00 |
| 52 | 1,305.00 | 1,305.00 | 72 | 739.00 | 739.00 |
| 53 | 1,305.00 | 1,305.00 | 73 | 739.00 | 739.00 |
| 54 | 1,305.00 | 1,305.00 | 74 | 739.00 | 739.00 |
| 55 | 1,305.00 | 1,305.00 | 75 | 739.00 | 739.00 |
| 56 | 1,305.00 | 1,305.00 | 76 | 739.00 | 739.00 |
| 57 | 1,305.00 | 1,305.00 | 77 | 739.00 | 739.00 |
| 58 | 1,305.00 | 1,305.00 | 78 | 739.00 | 739.00 |
| 59 | 1,305.00 | 1,305.00 | 79 | 739.00 | 739.00 |
| 60 | 1,305.00 | 1,305.00 | 80 | 24,535.00 | 24,535.00 |
| 61 | 1,305.00 | 1,305.00 | 81 | 26,878.00 | 26,878.00 |
| 62 | 1,305.00 | 1,305.00 | 82 | 29,520.00 | 29,520.00 |
| 63 | 1,305.00 | 1,305.00 | 83 | 32,450.00 | 32,450.00 |
| 64 | 1,305.00 | 1,305.00 | 84 | 35,610.00 | 35,610.00 |
| 65 | [illegible] | [illegible] | 85 | 38,928.00 | 38,928.00 |
| 66 | [illegible] | [illegible] | 86 | 42,350.00 | 42,350.00 |
| 67 | [illegible] | [illegible] | 87 | 45,655.00 | 45,655.00 |
| 68 | [illegible] | [illegible] | 88 | 49,388.00 | 49,388.00 |
| 69 | [illegible] | [illegible] | 89 | 53,036.00 | 53,025.00 |
| 70 | 739.00 | 739.00 | | | |

AFTER THE FIRST 30 POLICY YEARS PREMIUMS SHOWN FOR THE TERM LIFE BENEFIT MAY BE CHANGED IN ACCORDANCE WITH THE CHANGE OF PREMIUMS PROVISION.

Unofficial Copy Office of Chris Daniel District Clerk

```
GUARANTEE LIFE INSURANCE COMPANY          AGENT: RUDOLPH  SALDIVAR
GUARANTEE CENTRE                                 21135 PARK BROOK
8801 INDIAN HILLS DRIVE                           KATY TX 77450
OMAHA, NEBRASKA 68114
1-800-462-4660                                   (281)578-5244
           STATEMENT OF POLICY COST AND BENEFIT INFORMATION
```

```
DATE          SEP 23, 1999      TOTAL PREMIUM AT ISSUE      1,305.00      PAGE 1 OF 1
POLICY NO.    21862299                    MODE  MONTHLY
INSURED       ATANACIO B BARRIENTOS       AGE   50      CLASS  PREFERRED SPECIAL
```

TERM LIFE TO AGE 90

| YEAR | DEATH BENEFIT | GUARANTEED ANNUAL PREMIUM | CURRENT ANNUAL PREMIUM |
|---|---|---|---|
| 1 | 100,000 | 1,305.00 | 1,305.00 |
| 2 | 100,000 | 1,305.00 | 1,305.00 |
| 3 | 100,000 | 1,305.00 | 1,305.00 |
| 4 | 100,000 | 1,305.00 | 1,305.00 |
| 5 | 100,000 | 1,305.00 | 1,305.00 |
| 6 | 100,000 | 1,305.00 | 1,305.00 |
| 7 | 100,000 | 1,305.00 | 1,305.00 |
| 8 | 100,000 | 1,305.00 | 1,305.00 |
| 9 | 100,000 | 1,305.00 | 1,305.00 |
| 10 | 100,000 | 1,305.00 | 1,305.00 |
| 11 | 100,000 | 1,305.00 | 1,305.00 |
| 12 | 100,000 | 1,305.00 | 1,305.00 |
| 13 | 100,000 | 1,305.00 | 1,305.00 |
| 14 | 100,000 | 1,305.00 | 1,305.00 |
| 15 | 100,000 | 1,305.00 | 1,305.00 |
| 16 | 100,000 | 1,305.00 | 1,305.00 |
| 17 | 100,000 | 1,305.00 | 1,305.00 |
| 18 | 100,000 | 1,305.00 | 1,305.00 |
| 19 | 100,000 | 1,305.00 | 1,305.00 |
| 20 | 100,000 | 1,305.00 | 1,305.00 |
| AGE | | | |
| 60 | 100,000 | 1,305.00 | 1,305.00 |
| 65 | 100,000 | 1,305.00 | 1,305.00 |

| - - GUARANTEE BASIS - - | | | | - - CURRENT BASIS - - | | |
|---|---|---|---|---|---|---|
| 5TH YEAR | 10TH YEAR | 20TH YEAR | | 5TH YEAR | 10TH YEAR | 20TH YEAR |
| 13.04 | 13.05 | 13.04 | LIFE INSURANCE SURRENDER COST INDEX | 13.04 | 13.05 | 13.04 |
| 13.04 | 13.05 | 13.04 | LIFE INSURANCE NET PAYMENT COST INDEX | 13.04 | 13.05 | 13.04 |

AN EXPLANATION OF THE INTENDED USE OF THESE INDEXES IS PROVIDED IN THE LIFE INSURANCE BUYERS GUIDE.
THESE INDEXES ARE USEFUL ONLY FOR COMPARISON OF RELATIVE COSTS OF TWO OR MORE SIMILAR POLICIES.

Unofficial Copy Office of C.C.



GUARANTEE LIFE INSURANCE COMPANY

GUARANTEED MAXIMUM ANNUAL PREMIUMS AFTER THE FIRST POLICY YEAR:

| ATT'D AGE | TERM LIFE BENEFIT | GUARANTEED TOTAL PREMIUM | ATT'D AGE | TERM LIFE BENEFIT | GUARANTEED TOTAL PREMIUM |
|---|---|---|---|---|---|
| 51 | $ 1,305.00 | $ 1,305.00 | 71 | $ 739.00 | $ 739.00 |
| 52 | 1,305.00 | 1,305.00 | 72 | 739.00 | 739.00 |
| 53 | 1,305.00 | 1,305.00 | 73 | 739.00 | 739.00 |
| 54 | 1,305.00 | 1,305.00 | 74 | 739.00 | 739.00 |
| 55 | 1,305.00 | 1,305.00 | 75 | 739.00 | 739.00 |
| 56 | 1,305.00 | 1,305.00 | 76 | 739.00 | 739.00 |
| 57 | 1,305.00 | 1,305.00 | 77 | 739.00 | 739.00 |
| 58 | 1,305.00 | 1,305.00 | 78 | 739.00 | 739.00 |
| 59 | 1,305.00 | 1,305.00 | 79 | 739.00 | 739.00 |
| 60 | 1,305.00 | 1,305.00 | 80 | 24,535.00 | 24,535.00 |
| 61 | 1,305.00 | 1,305.00 | 81 | 26,878.00 | 26,878.00 |
| 62 | 1,305.00 | 1,305.00 | 82 | 29,520.00 | 29,520.00 |
| 63 | 1,305.00 | 1,305.00 | 83 | 32,450.00 | 32,450.00 |
| 64 | 1,305.00 | 1,305.00 | 84 | 35,610.00 | 35,610.00 |
| 65 | 1,305.00 | 1,305.00 | 85 | 38,928.00 | 38,928.00 |
| 66 | 1,305.00 | 1,305.00 | 86 | 42,360.00 | 42,360.00 |
| 67 | 1,305.00 | 1,305.00 | 87 | 45,855.00 | 45,855.00 |
| 68 | 1,305.00 | 1,305.00 | 88 | 49,398.00 | 49,398.00 |
| 69 | 1,305.00 | 1,305.00 | 89 | 53,038.00 | 53,038.00 |
| 70 | 739.00 | 739.00 | | | |

AFTER THE FIRST 30 POLICY YEARS, PREMIUMS SHOWN FOR THE TERM LIFE BENEFIT MAY BE CHANGED IN ACCORDANCE WITH THE CHANGE OF PREMIUMS PROVISION.

Unofficial Copy Office of Chris Daniel District Clerk

| | | | |
|---|---|---|---|
| INSURED | ATANACIO B BARRIENTOS | DATE OF ISSUE | SEPTEMBER 23, 1999 |
| ISSUE AGE AND SEX | 50        MALE | FACE AMOUNT | $100,000 |
| PREMIUM CLASS | PREFERRED SPECIAL | POLICY NUMBER | 21862299 |

50652-95

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact your agent

You may call Guarantee Life Insurance Company's toll-free telephone number for information or to make a complaint at:

1-800-[illegible]

You may also write to Guarantee Life Insurance Company at:
8801 Indian Hills Drive
Omaha, Nebraska 68114

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

1-800-252-3439

You may write the Texas Department of Insurance
P.O. Box 149104
Austin, TX 78714-9104
FAX #(512)475-1771

PREMIUM OR CLAIM DISPUTES: Should you have a dispute concerning your premium or about a claim you should contact the agent or the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

ATTACH THIS NOTICE TO YOUR POLICY: This notice is for information only and does not become a part or condition of the attached document.

## AVISO IMPORTANTE

Para obtener información o para someter una queja:

Puede comunicarse con su agente

Usted puede llamar al numero de telefono gratis de Guarantee Life Insurance Company's para información o para someter una queja al:

1-800-[illegible]

Usted tambien puede escribir a Guarantee Life Insurance Company al:
8801 Indian Hills Drive
Omaha, Nebraska 68114

Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de companias, coberturas, derechos o quejas al:

1-800-252-3439

Puede escribir al Departamento de Seguros de Texas
P.O. Box 149104
Austin, TX 78714-9104
FAX #(512)475-1771

DISPUTAS SOBRE PRIMAS O RECLAMOS: Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente o la compañia primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

UNA ESTE AVISO A SU POLIZA: Este aviso es solo para proposito de información y no se convierte en parte o condición del documento adjunto.

Unofficial Copy Office of Chris Daniel District Clerk

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact your agent.

You may call Guarantee Life Insurance Company's toll-free telephone number for information or to make a complaint at:

### 1-800-462-4660

You may also write to Guarantee Life Insurance Company at:
8801 Indian Hills Drive
Omaha, Nebraska 68114

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

### 1-800-252-3439

You may write the Texas Department of Insurance
P.O. Box 149104
Austin, Texas 78714-9104
FAX #(512)475-1771

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim you should contact the agent or the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

## AVISO IMPORTANTE

Para obtener informacion o para someter una queja:

Puede comunicarse con su agente.

Usted puede llamar al numero de telefono gratis de Guarantee Life Insurance Company's para informacion o para someter una queja al:

### 1-800-462-4660

Usted tambien puede escribir a Guarantee Life Insurance Company al:
8801 Indian Hills Drive
Omaha, Nebraska 68114

Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al

### 1-800-252-3439

Puede escribir al Departamento de Seguros de Texas
P.O. Box 149104
Austin, Texas 78714-9104
FAX#(512)475-1771

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente o la compania primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.

TX-Notice

TABLE OF CONTENTS

Name Contract
Contestability
Suicide
Misstatement of Age and/or Sex

Provisions

Owner

Form of Conversion Policy
Statement for Conversion

PART Policy Proceeds

PART Settlement Options
One Sum Settlement
Optional Methods of Settlement
Election by Owner
Election by Beneficiary
Form of Election
Right to Change your Election
Income Protection
Excess Interest
Description of Options
Proceeds at Interest
Fixed Years Installments
Fixed Amount Installments
Life Income
Joint Life Income
Table of Lifetime Installment Payments

Unofficial Copy Office of Chris Daniel District Clerk

## TABLE OF CONTENTS

Page

PART 1 - Definition of Terms .......................................................... 1

PART 2 - General Provisions
    Entire Contract ................................................................. 2
    Contestability ................................................................... 2
    Suicide ........................................................................ 2
    Misstatement of Age and/or Sex ................................................ 2
    Change of Plan ................................................................. 2
    Evidenced ..................................................................... 2
    Non Participation .............................................................. 2

PART 3 - Beneficiary Provisions
    Designated Beneficiary ......................................................... 4
    Change of Beneficiary .......................................................... 4

PART 4 - Ownership
    Owner ........................................................................ 4
    Change of Owner .............................................................. 4
    Assignment ................................................................... 4

PART 5 - Premium Payments
    General ....................................................................... 5
    Frequency .................................................................... 5
    Grace Period .................................................................. 5

PART 6 - Lapse and Reinstatement
    Lapse ........................................................................ 5
    Reinstatement ................................................................. 5

PART 7 - Change of Premium Section ................................................... 6

PART 8 - Exchange Provision ........................................................... 6

PART 9 - Conversions
    Form of Conversion Policy ...................................................... 7
    Requirements for Conversion .................................................... 7

PART 10 - Policy Proceeds ............................................................. 7

PART 11 - Settlement Options
    One Sum Settlement ........................................................... 8
    Optional Methods of Settlement ................................................. 8
    Election by Owner ............................................................. 8
    Election by Beneficiary ......................................................... 8
    Form of Election .............................................................. 8
    How to Change your Election .................................................... 8
    Income Protection ............................................................. 8
    Excess Interest ................................................................ 8
    Description of Options ......................................................... 8
    Proceeds at Interest ........................................................... 8
    Fixed Years Installments ....................................................... 8
    Fixed Amount Installments ...................................................... 8
    Life Income ................................................................... 8
    Joint Life Income ............................................................. 8
    Table of Lifetime Installment Payments .......................................... 8

Copy Office of Chris Daniel District Clerk

## PART 1 - DEFINITION OF TERMS

**Application-** The written application for this policy attached to, and made a part of, this policy.

**Attained Age-** The Insured's age last birthday as of the most recent Policy Anniversary.

**Beneficiary-** Any person named in our records to receive the proceeds of this policy after the Insured dies. The Beneficiary is as indicated in the application, unless later changed as provided in the policy.

**Date of Issue-** The date shown in the Policy Specifications. This date is used to determine Policy Anniversaries, Policy Years, and premium due dates. This is also the date used to determine the start of the Suicide and Contestability periods.

**Insured-** The person whose life is Insured under this policy as shown in the Policy Specifications.

**Issue Age-** The Insured's age last birthday on the Date of Issue. This is the Age shown in the Policy Specifications.

**Owner-** The person named as owner of this policy in the application, unless later changed as provided in this policy.

**Policy Anniversary-** The same day and month as the Date of Issue for each succeeding year this policy remains in force.

**Policy Specifications-** The pages of this policy so titled which show your benefits, premium and other information.

**Policy Year-** A one year period of time starting on each successive Policy Anniversary, with the first Policy Year starting on the Date of Issue.

**Supplemental Application-** A written request for reinstatement of, or change to, this policy.

## PART 2 - GENERAL PROVISIONS

**Entire Contract**

This Policy, and the attached written application, is the entire contract between you and us. Only one of our officers can change, modify, or waive any provisions of this policy. This Policy includes the Policy Specifications and any supplemental applications, riders, amendments or endorsements made a part of this policy.

**Contestability**

We rely on the statements made by or for the Insured in the application for this policy. In the absence of fraud, they are deemed representations and not warranties. In addition to the other reasons permitted by law, we can contest the validity of this policy or any reinstatement of this policy, if a material misrepresentation of fact was made in a written application which is attached to this policy.

We will not contest the validity of this policy after it has been in force, during the Insured's life, for 2 years from the Date of Issue. However, with respect to any reinstatement of this policy, or any supplemental benefit or rider added, we will not contest the validity of the change or reinstatement after it has been in effect during the Insured's lifetime, for 2 years from the effective date of such change or reinstatement. Only statements made in the written application for a change or reinstatement may be used to contest the validity of such change or reinstatement.

We can always contest the validity of this policy for the non-payment of any premium due.

**Suicide Exclusion**

We will limit the proceeds we pay under this policy if the Insured dies by suicide, while sane or insane, within 2 years (one year for an application signed in Colorado or North Dakota) from the Date of Issue.

The limited amount will equal all premiums paid on this policy.

**Misstatement of Age and/or Sex**

If the age and/or sex of the Insured was misstated to us, the benefits payable under this policy are those which the premiums paid would have bought based on the Insured's correct age and sex.

**Change of Plan**

You may change the plan or the amount of insurance or both as long as we both agree.

**Evidence of Age, Death, Sex and Survival**

We may require due proof of:

(1) the death of any person which will result in proceeds being paid, or rights being transferred, under this policy;

(2) the age and sex of any person on whose life any settlement option income is based; and

(3) the continued survival of any person on whose life any settlement option income is based.

**Non Participation**

This policy does not pay dividends. It is non participating.

GT-00

## PART 3 - BENEFICIARY PROVISIONS

**Designated Beneficiary**

There may be different classes of Beneficiaries, such as Primary and Contingent. These classes set the order of payment of the policy proceeds. There may be more than one Beneficiary in a class. Unless you provide otherwise, and subject to any assignment, any policy proceeds will be paid in equal shares to the Beneficiaries living at the death of the Insured. Payments will be made in the following order:

(1) To the Primary Beneficiaries.

(2) If no Primary Beneficiary survives the Insured, the proceeds will be paid to any Contingent Beneficiaries who survive the Insured.

(3) If no Beneficiary survives the Insured, the proceeds of this policy will be paid to the owner or to the owner's estate.

The interest of any Beneficiary who dies before the Insured will pass to any Beneficiaries in the same class (that is Primary or Contingent) who survive the Insured. If a Beneficiary dies at the same time as the Insured or within 10 days after the death of the Insured, the proceeds will be paid as if the Insured had survived that Beneficiary.

**Change of Beneficiary**

Unless otherwise provided, by request, you may change the Beneficiary while this policy is in force. We may require you to send the policy to us. Such change is subject to any existing assignment of this policy. The change becomes effective when we record it. Once recorded, the effective date is the date the request was signed. The change is subject to any proceeds paid or other action taken by us before the change was recorded.

## PART 4 - OWNERSHIP

**Owner**

The owner of this policy is the person named in the application, unless later changed as provided in the policy. The Insured will be the owner if no other party is named as owner. While the Insured is living, the owner may use all the rights and privileges granted by this policy.

**Change of Owner**

While the Insured is living, you may change the owner by request. Such change is subject to any existing assignment of this policy. The change becomes effective when we record it. Once recorded, the effective date is the date the request was signed. The change is subject to any proceeds paid or other action taken by us before the change was recorded.

**Assignment**

You may assign this policy if you file the assignment or a certified copy with us. When filed, your rights and those of the Beneficiary are subject to the assignment. No assignment is binding on us unless we receive it in writing. We are not responsible for the validity or sufficiency of any assignment. Any claim is subject to due proof of the interest of the assignee.

GT-00                                                                                                        Page 3

## PART 5 - PREMIUM PAYMENTS

**General**

This policy may be renewed each year at your option by payment of the premium then due. No evidence of insurability is required.

Premium payments are payable to us at the home office or to any authorized representative. A receipt for premium payments signed by our secretary will be furnished if requested. The first premium is due on or before the date this policy is delivered to you. All premium checks must be made payable to us. A premium paid is deemed fully earned on its due date. Once earned, a premium is non-refundable except as may be specifically stated in this policy.

**Frequency**

Premiums are due in advance at the start of each billing period. At issue, the billing period you selected in the application will apply. The amount of premium due for a billing period is shown in the Policy Specifications.

**Grace Period**

A Grace Period of 31 days will be allowed for payment of each premium after the first. This policy will continue in force during the Grace Period. If the Insured dies during the Grace Period, the unpaid premium will be deducted from the proceeds.

## PART 6 - LAPSE AND REINSTATEMENT

**Lapse**

If any premium is not paid within 31 days of its due date this policy will lapse as of the due date of that premium. In this case, the policy will no longer be in force. We call this premium due date the date of lapse.

**Reinstatement**

Reinstatement means to restore this policy to a normal in force status after it has lapsed. We will reinstate this policy if we receive:

(1)  your application for reinstatement prior to the Expiry Date, during the lifetime of the Insured, and within 5 years after the date of lapse;

(2)  due proof that the Insured is insurable;

(3)  payment of the premium from the date we agree to reinstate the policy to the next premium due date; and

(4)  payment of the premium due for any coverage provided under the Grace Period.

A reinstatement will be effective only as of the date we approve your request for reinstatement.

GT-00TX                                                                                           Page 4

## PART 7 - CHANGE OF PREMIUM SECTION

Premiums shown in the Policy Specifications are the maximum premium rates that may be charged. The initial rate period is shown in the Policy Specifications. Premiums after the initial rate period are subject to change. It is anticipated that lower rates than the maximum shown will actually be charged after the initial rate period. If a lower rate is actually charged in any future Policy Year, we will send you a notice of the change before it takes effect.

Any premium rate reduction below the maximums shown in the Policy Specifications will be subject to the following:

(1) we will not change the premium rates to reflect past profits or losses;

(2) any premium rate reduction will be based on our expectation of future mortality experience, investment return, expense and taxes for policies of this class;

(3) the reduction will be made for all Insureds with the same issue age, face amount, duration, and risk classification as the Insured;

(4) changes in health or occupation of the Insured will not affect any reduction; and

(5) we will not reduce the premiums for riders or any benefits other than life benefits.

## PART 8 - EXCHANGE PROVISION

On the 30th Policy Anniversary we will exchange this policy for a new policy if we receive satisfactory evidence of insurability. The 30th anniversary is the Exchange Date. All premiums due on this policy must have been paid before the Exchange Date. The face amount of the new policy must be equal to or less than the face amount of this policy. The new policy is subject to the following terms:

(1) You must complete and submit a new application to us not more than 90 days or less than 60 days before the Exchange Date.

(2) We must approve the issuance of the new policy before it can become effective.

(3) You must pay the first premium on the new policy in order for the new policy to become effective.

(4) Coverage under this policy terminates when coverage under the new policy begins.

(5) The new policy will be on the same plan as this policy.

(6) The issue date of the new policy will be the Exchange Date. The issue age on the new policy will be the Insured's attained age on the Exchange Date. Annual premium rates for the new policy will be those applicable to such policies issued on the Exchange Date.

(7) The Insured's attained age on the Exchange Date can not exceed 70.

(8) Any rider or benefit in this policy can be included in the new one. Any rider or benefit is subject to the rules and premium rates we are using on the issue date of the new policy.

(9) We will pay for the required evidence of insurability.

## PART 9 - CONVERSIONS

**Form of Conversion Policy**

Whenever a policy is converted, the issue date of the new policy is the date of conversion. The premium for the new policy will be based on the Insured's risk class at the Date of Issue of this policy and attained age at the date of conversion. The policy form for the new policy will be the one we make available for this purpose on the date of conversion. A new suicide or contestable period will not apply to benefits converted from this policy to a new policy. These periods will be measured from the Date of Issue of this policy.

**Requirements for Conversion**

If you request, this policy may be converted, without evidence of insurability, to any form of permanent insurance on the Insured, providing that:

(1) this policy has not reached the earlier of the Policy Anniversary after the Insured's 65th birthday or the 20th Policy Anniversary;

(2) the request for conversion must be in writing and this policy must be returned with the request;

(3) no benefits are being paid under any Waiver of Premium Disability Benefit;

(4) no premiums on this policy are in default;

(5) the premium rate per $1,000 of coverage amount on the permanent plan of insurance is higher than the corresponding premium rate for this policy on the date of conversion;

(6) the amount of coverage provided by the new policy is equal to or less than the amount of coverage provided by this policy;

(7) the amount of coverage provided by the new policy is at least equal to the minimum amount issued by us for the plan chosen;

(8) coverage under this policy terminates when coverage under the new policy begins; and

(9) any rider or benefit providing additional benefits in the event of disability or death will be made a part of the new policy only with our consent.

## PART 10 - POLICY PROCEEDS

**Amount of Proceeds**

The proceeds are subject to adjustment under the Suicide and Misstatement provisions on page 2. The amount of proceeds as defined below is subject to all provisions of this policy. The proceeds payable on the death of the Insured are equal to:

(1) the face amount of this policy; plus

(2) any supplemental benefits and riders payable on the life of the Insured; plus

(3) any advanced premium payments which are paid past the current payment period; less

(4) any premium needed as set forth in the Grace Period provision.

**Interest on Proceeds**

We will pay interest on policy proceeds from the date of the Insured's death to the date of payment, unless such proceeds have already been applied under a settlement option as described in Part 11. If a settlement option has been selected, interest will be paid as specified under that option. Interest paid on policy proceeds will be at an annual rate determined by us, but never less than the rate required by the state in which this policy is delivered.

## PART 11 - SETTLEMENT OPTIONS

**Election of Settlement Options**

While the Insured is living, a settlement option may be elected or changed upon your written request satisfactory to us. If no such election is in effect at the time of the Insured's death, then the Beneficiary may make such election. If payments are to be made to other than a natural person, we must consent to the use of a settlement option. The amount applied under a settlement option must be at least $2,000 and must be sufficient to provide a periodic payment of at least $20.

**Supplementary Contract**

If a settlement option is elected, then we will issue a supplementary contract stating the terms of settlement. The Date of Issue of the supplementary contract will be the same as the date the proceeds of this policy became payable.

**Death of Payee**

At the death of the last surviving payee, any amount then on deposit under Option 3 or 4, or the present value of any remaining guaranteed payments under Option 1 or 2, will be paid to the estate of such payee unless another provision has been made in the election of the settlement option. The present value of any remaining guaranteed payments under Option 1 or 2 will be based on an interest rate of 4% per year. If the guaranteed payments are calculated based on an interest rate greater than 4% per year, then such interest rate will be used to calculate the present value.

**Protection of Proceeds**

Proceeds placed under a a settlement option may not be assigned, withdrawn, or commuted except as provided in the election. To the extent permitted by law, such proceeds will not be subject to the claims of creditors or to legal process.

**Options**

All or part of the proceeds of this policy may be paid under any of the options listed below. The first payment under Option 1, 2, or 3 will be due on the date the proceeds are applied. Interest under Option 4 will accrue beginning on the date the proceeds are applied; the first interest payment will be paid at the end of the first payment interval.

**Option 1 - Income for a Specified Period**

We will pay a monthly income for a period not to exceed 30 years. For each $1,000 applied, the following table shows the amount of each payment for the number of years elected.

| Years | Monthly Income | Years | Monthly Income | Years | Monthly Income | Years | Monthly Income | Years | Monthly Income |
|---|---|---|---|---|---|---|---|---|---|
| 1 | $84.84 | 7 | $13.59 | 13 | $8.17 | 19 | $6.21 | 25 | $5.22 |
| 2 | 43.25 | 8 | 12.12 | 14 | 7.72 | 20 | 6.00 | 26 | 5.10 |
| 3 | 29.40 | 9 | 10.97 | 15 | 7.34 | 21 | 5.81 | 27 | 5.00 |
| 4 | 22.47 | 10 | 10.06 | 16 | 7.00 | 22 | 5.64 | 28 | 4.90 |
| 5 | 18.32 | 11 | 9.31 | 17 | 6.71 | 23 | 5.49 | 29 | 4.80 |
| 6 | 15.56 | 12 | 8.69 | 18 | 6.44 | 24 | 5.35 | 30 | 4.72 |

Unofficial Copy Official of Court of Daniel District Clerk

GT-GM

**Option 2 - Life Income.** We will pay a monthly income for as long as the payee lives. Payments may be guaranteed for a period, as elected, of 10 years, 20 years, or that period needed for the sum of monthly payments to equal the amount applied (installment refund). The monthly payments are based on the sex and the age at nearest birthday of the payee on the date the first income payment is due. Proof of age and sex satisfactory to us will be required. The following tables show the monthly income payable for each $1,000 applied based on the 1983 Table *a* and 4% interest:

### Option 2 - Male Payee

| Age of Payee | 10 Years Certain | 20 Years Certain | Installment Refund | Age of Payee | 10 Years Certain | 20 Years Certain | Installment Refund |
|---|---|---|---|---|---|---|---|
| 0-10 | $3.55 | $3.54 | $3.54 | 50 | $4.81 | $4.65 | $4.69 |
| 11 | 3.56 | 3.55 | 3.55 | 51 | 4.88 | 4.71 | 4.76 |
| 12 | 3.57 | 3.57 | 3.56 | 52 | 4.95 | 4.76 | 4.82 |
| 13 | 3.58 | 3.58 | 3.58 | 53 | 5.03 | 4.82 | 4.89 |
| 14 | 3.60 | 3.59 | 3.59 | 54 | 5.11 | 4.88 | 4.97 |
| 15 | 3.61 | 3.60 | 3.60 | 55 | 5.20 | 4.94 | 5.05 |
| 16 | 3.62 | 3.62 | 3.61 | 56 | 5.29 | 5.00 | 5.13 |
| 17 | 3.64 | 3.63 | 3.63 | 57 | 5.38 | 5.06 | 5.21 |
| 18 | 3.65 | 3.65 | 3.64 | 58 | 5.48 | 5.12 | 5.30 |
| 19 | 3.67 | 3.66 | 3.66 | 59 | 5.59 | 5.18 | 5.40 |
| 20 | 3.69 | 3.68 | 3.67 | 60 | 5.70 | 5.24 | 5.50 |
| 21 | 3.70 | 3.69 | 3.69 | 61 | 5.82 | 5.30 | 5.60 |
| 22 | 3.72 | 3.71 | 3.71 | 62 | 5.95 | 5.37 | 5.72 |
| 23 | 3.74 | 3.73 | 3.73 | 63 | 6.08 | 5.43 | 5.83 |
| 24 | 3.76 | 3.75 | 3.75 | 64 | 6.21 | 5.48 | 5.96 |
| 25 | 3.78 | 3.77 | 3.77 | 65 | 6.35 | 5.54 | 6.09 |
| 26 | 3.80 | 3.79 | 3.79 | 66 | 6.50 | 5.59 | 6.23 |
| 27 | 3.83 | 3.81 | 3.81 | 67 | 6.65 | 5.64 | 6.37 |
| 28 | 3.85 | 3.84 | 3.83 | 68 | 6.81 | 5.69 | 6.53 |
| 29 | 3.88 | 3.86 | 3.86 | 69 | 6.97 | 5.73 | 6.69 |
| 30 | 3.90 | 3.88 | 3.88 | 70 | 7.14 | 5.77 | 6.86 |
| 31 | 3.93 | 3.91 | 3.91 | 71 | 7.31 | 5.81 | 7.04 |
| 32 | 3.96 | 3.94 | 3.93 | 72 | 7.48 | 5.84 | 7.23 |
| 33 | 3.99 | 3.96 | 3.96 | 73 | 7.65 | 5.87 | 7.43 |
| 34 | 4.02 | 3.99 | 3.99 | 74 | 7.83 | 5.89 | 7.64 |
| 35 | 4.06 | 4.02 | 4.02 | 75 | 8.00 | 5.91 | 7.86 |
| 36 | 4.09 | 4.06 | 4.05 | 76 | 8.17 | 5.93 | 8.09 |
| 37 | 4.13 | 4.09 | 4.09 | 77 | 8.34 | 5.95 | 8.34 |
| 38 | 4.17 | 4.12 | 4.12 | 78 | 8.50 | 5.96 | 8.60 |
| 39 | 4.21 | 4.16 | 4.16 | 79 | 8.66 | 5.97 | 8.87 |
| 40 | 4.25 | 4.20 | 4.20 | 80 | 8.81 | 5.98 | 9.16 |
| 41 | 4.30 | 4.24 | 4.24 | 81 | 8.95 | 5.99 | 9.45 |
| 42 | 4.34 | 4.28 | 4.28 | 82 | 9.09 | 5.99 | 9.76 |
| 43 | 4.39 | 4.32 | 4.32 | 83 | 9.21 | 5.99 | 10.09 |
| 44 | 4.44 | 4.36 | 4.37 | 84 | 9.32 | 6.00 | 10.44 |
| 45 | 4.50 | 4.40 | 4.42 | 85 and above | 9.43 | 6.00 | 10.78 |
| 46 | 4.55 | 4.45 | 4.47 | | | | |
| 47 | 4.61 | 4.50 | 4.52 | | | | |
| 48 | 4.67 | 4.55 | 4.58 | | | | |
| 49 | 4.74 | 4.60 | 4.63 | | | | |

### Option 2 - Female Payee

| Age of Payee | 10 Years Certain | 20 Years Certain | Installment Refund | Age of Payee | 10 Years Certain | 20 Years Certain | Installment Refund |
|---|---|---|---|---|---|---|---|
| 0-10 | $3.49 | $3.48 | $3.48 | 55 | $4.80 | $4.67 | $4.71 |
| 11 | 3.49 | 3.49 | 3.49 | 56 | 4.87 | 4.73 | 4.77 |
| 12 | 3.50 | 3.50 | 3.50 | 57 | 4.95 | 4.79 | 4.85 |
| 13 | 3.51 | 3.51 | 3.51 | 58 | 5.03 | 4.85 | 4.92 |
| 14 | 3.52 | 3.52 | 3.52 | 59 | 5.12 | 4.91 | 5.00 |
| 15 | 3.53 | 3.53 | 3.53 | 60 | 5.22 | 4.98 | 5.09 |
| 16 | 3.55 | 3.54 | 3.54 | 61 | 5.32 | 5.05 | 5.18 |
| 17 | 3.56 | 3.55 | 3.55 | 62 | 5.42 | 5.11 | 5.27 |
| 18 | 3.57 | 3.56 | 3.56 | 63 | 5.53 | 5.18 | 5.37 |
| 19 | 3.58 | 3.58 | 3.57 | 64 | 5.65 | 5.25 | 5.48 |
| 20 | 3.59 | 3.59 | 3.59 | 65 | 5.77 | 5.32 | 5.59 |
| 21 | 3.61 | 3.60 | 3.60 | 66 | 5.90 | 5.39 | 5.71 |
| 22 | 3.62 | 3.62 | 3.61 | 67 | 6.04 | 5.45 | 5.83 |
| 23 | 3.64 | 3.63 | 3.63 | 68 | 6.19 | 5.51 | 5.97 |
| 24 | 3.65 | 3.65 | 3.64 | 69 | 6.34 | 5.58 | 6.11 |
| 25 | 3.67 | 3.66 | 3.66 | 70 | 6.50 | 5.63 | 6.26 |
| 26 | 3.69 | 3.68 | 3.68 | 71 | 6.67 | 5.69 | 6.42 |
| 27 | 3.70 | 3.70 | 3.69 | 72 | 6.84 | 5.73 | 6.59 |
| 28 | 3.72 | 3.71 | 3.71 | 73 | 7.02 | 5.78 | 6.77 |
| 29 | 3.74 | 3.73 | 3.73 | 74 | 7.21 | 5.82 | 6.97 |
| 30 | 3.76 | 3.75 | 3.75 | 75 | 7.40 | 5.85 | 7.17 |
| 31 | 3.78 | 3.77 | 3.77 | 76 | 7.60 | 5.88 | 7.39 |
| 32 | 3.81 | 3.80 | 3.79 | 77 | 7.80 | 5.91 | 7.62 |
| 33 | 3.83 | 3.82 | 3.82 | 78 | 7.99 | 5.93 | 7.86 |
| 34 | 3.86 | 3.84 | 3.84 | 79 | 8.19 | 5.94 | 8.13 |
| 35 | 3.88 | 3.87 | 3.86 | 80 | 8.38 | 5.96 | 8.40 |
| 36 | 3.91 | 3.89 | 3.89 | 81 | 8.57 | 5.97 | 8.69 |
| 37 | 3.94 | 3.92 | 3.92 | 82 | 8.74 | 5.98 | 9.01 |
| 38 | 3.97 | 3.95 | 3.94 | 83 | 8.91 | 5.99 | 9.34 |
| 39 | 4.00 | 3.98 | 3.97 | 84 | 9.06 | 5.99 | 9.68 |
| 40 | 4.03 | 4.01 | 4.01 | 85 and above | 9.21 | 6.00 | 10.04 |
| 41 | 4.07 | 4.04 | 4.04 | | | | |
| 42 | 4.10 | 4.07 | 4.07 | | | | |
| 43 | 4.14 | 4.11 | 4.11 | | | | |
| 44 | 4.18 | 4.15 | 4.15 | | | | |
| 45 | 4.23 | 4.18 | 4.19 | | | | |
| 46 | 4.27 | 4.22 | 4.23 | | | | |
| 47 | 4.32 | 4.27 | 4.27 | | | | |
| 48 | 4.37 | 4.31 | 4.32 | | | | |
| 49 | 4.42 | 4.36 | 4.36 | | | | |
| 50 | 4.47 | 4.40 | 4.41 | | | | |
| 51 | 4.53 | 4.45 | 4.47 | | | | |
| 52 | 4.59 | 4.50 | 4.52 | | | | |
| 53 | 4.66 | 4.56 | 4.58 | | | | |
| 54 | 4.72 | 4.61 | 4.64 | | | | |

**Option 3 - Income of Specified Amount.**

We will pay any income of the amount elected for as long as the amount applied, with interest at a rate of not less than 4%, will last.

**Option 4 - Proceeds Held at Interest.**

We will hold the amount applied on deposit. Interest will be paid at annual, semi-annual, quarterly, or monthly intervals. For each $1,000 left on deposit, interest will be as follows:

| | |
|---|---|
| Annual | $40.00 |
| Semi-Annually | 19.80 |
| Quarterly | 9.85 |
| Monthly | 3.27 |

**GUARANTEE LIFE INSURANCE COMPANY**
Guarantee Centre
8801 Indian Hills Drive
Omaha, Nebraska 68114

### ACCELERATED BENEFIT RIDER

This rider is part of your policy and is subject to the policy provisions. If the provisions of this rider and the policy differ, this rider controls.

In this rider, "Company" means Guarantee Life Insurance Company. "You" means the Owner of the policy on the "Option Date". "Option Date" means the date on which the Company is in receipt of your election to receive the Accelerated Benefit together with all required documents completed.

**ACCELERATED BENEFIT.** The Company will pay to the Owner an Accelerated Benefit subject to the provisions of this rider if the Insured develops a Terminal Illness. The maximum Accelerated Benefit is determined as of the Option Date and is equal to the lesser of:

1) $250,000; or
2) 50% of the total of the Eligible Amount of the policy to which this rider is attached less the total outstanding policy loans plus loan interest.

Before payment of the Accelerated Benefit, the Accelerated Benefit will be reduced by a discount percentage determined as of the Option Date. The discount percentage reflects a 12 month interest charge using an annual rate of interest not greater than the larger of:

1) the current yield on 90 day Treasury bills; or
2) the current maximum statutory adjustable policy loan rate.

However, the annual rate of interest will not exceed 10%.

The Company will pay the discounted Accelerated Benefit as a lump sum. The minimum amount of Accelerated Benefit shall be $5,000. An administrative expense fee of $150 will be charged and deducted from the discounted Accelerated Benefit.

**ELIGIBLE AMOUNT.** The Eligible Amount is the amount of insurance for each policy on the Insured owned by you in effect on the Option Date. It includes:

1) the amount of any level term rider which is eligible for conversion and in effect at that time and has more than two years until maturity; and
2) any dividends accumulated with interest left on deposit; and
3) the amount of any paid-up additions; and
4) any Adjustable Term Protection in effect at that time.

---

### NOTICE

**DEATH BENEFITS, CASH VALUES, AND LOAN VALUES WILL BE REDUCED IF AN ACCELERATED BENEFIT IS PAID.**

---

ABR50-94TX

The Eligible Amount does not include:

1) the Cash Value on a Flexible Premium Adjustable Life policy with an Option B death benefit; or
2) the amount of life insurance on any person other than the Insured; or
3) the amount of any Accidental Death Benefit rider; or
4) the amount of any other riders or benefits; or
5) the amount of any decreasing term policies or riders; or
6) the amount of any one year term policies, one year term rider, or one year term dividend options; or
7) the amount of any policies or riders which provide insurance on more than one life.

**EFFECT OF ACCELERATED BENEFIT ON POLICY VALUES.** The payment of an Accelerated Benefit will result in a pro-rata reduction of the death proceeds, face amount, cash value, dividends deposited, and any outstanding loans. The pro-rata reduction will be based on the percentage of the Eligible Amount accelerated to produce the Accelerated Benefit.

After payment of the Accelerated Benefit, the policy's premiums will reduce to the level required for the reduced amount of insurance.

You may repay all or any portion of the Accelerated Benefit.

**TERMINAL ILLNESS.** A Terminal Illness is any condition which reduces the Insured's life expectancy to twelve (12) months or less from the Option Date. In order to consider payment of an Accelerated Benefit, proof of diagnosis of the Insured's Terminal Illness must be received satisfactory to the Company. This proof will include the certification of a licensed physician other than a member of your family, the Insured, or You of the diagnosis of the Insured's Terminal Illness. In addition, the Company reserves the right to conduct its own investigation at the Company's expense. Such investigation may include, but is not limited to, an examination of the Insured by a physician the Company designates. If the opinion of the Company's physician differs from that of the Insured's physician, then the Company will provide for a third opinion by a physician mutually acceptable to both the Company and the Owner. This third opinion will be binding on us and at the Company's expense.

**CONDITIONS.** The payment of an Accelerated Benefit is subject to the following conditions:

1) The policy must be in effect other than as extended term insurance.
2) The policy must not be assigned, except to the Company, as security for a loan.
3) The payment of an Accelerated Benefit must be approved by an irrevocable beneficiary. The Company also reserves the right to require a consent from the Insured and the spouse of the Insured.
4) The Accelerated Benefit may be paid only once for each Insured.
5) Any dividend option with dividends paid in cash will be changed to dividends accumulated with interest.
6) No benefit will be eligible for acceleration if a Long Term Care, Long Term Care Plus, or a Living Benefit Rider is attached to the policy.
7) This rider provides for the accelerated payment of a portion of the death benefit of your life insurance policy. This is not meant to cause you to involuntarily access proceeds ultimately payable to the beneficiary.

Therefore, you are not eligible for this benefit if:
1) you are required by law to use this benefit to meet the claims of creditors, whether in bankruptcy or otherwise; or
2) you are required by a government agency to use this benefit in order to apply for, obtain, or otherwise keep a government benefit or entitlement.

**LIMITATIONS.** No benefit will be provided by this rider if Terminal Illness results from intentionally self-inflicted injuries.

**COST.** There is no charge for this rider prior to the time Accelerated Benefits are paid.

**TERMINATION.** This rider will terminate at the earliest of the following:

a) when the Accelerated Benefit is paid; or
b) termination of the policy; or
c) the maturity date of the policy; or
d) when a written request to terminate this rider is received at the Home Office.

**REINSTATEMENT.** If the policy is reinstated, then this rider will also be reinstated.

**GENERAL.** This rider is a part of the policy to which this rider is attached. Its benefit is subject to all the provisions of this rider and the policy. This rider has no cash or loan value. It does not affect any net single premium or reserve referred to in the policy.

Signed for the Company at Omaha, Nebraska.

Secretary                                          President

---

**TAX CONSEQUENCES**

Receipt of an Accelerated Benefit under this rider may be taxable. You should seek advice from your personal tax advisor prior to adding this rider or submitting a request for payment.

**GUARANTEE LIFE INSURANCE COMPANY**
PO BOX 2615
OMAHA NE 68103-2615

## AMENDMENT TO POLICY

Amendment to Policy # _2186 2299_       Application Dated _8-30-99_

Instruction to Agent:

1.  Do not deliver the policy unless both this copy of the form and the one attached to the policy are signed.

2.  The health certificate must be completed if there is an X in the area designated.    If there has been a change in health or a consultation with a physician, do not deliver the policy.  Call the underwriter for instructions.

3.  All appropriate signature(s) must be included and this amendment must be dated.

4.  Return this signed form to the Home Office promptly.

☒   Policy change:  By signing below I accept the following change(s).

    ☐    Extend Term Insurance Eliminated
    ☐    Issued at Tobacco Rates
    ☒    Premium Amount $ _116.15_ on
            ☐ Annual    ☐ Semi Annual    ☐ Quarterly    ☒ Monthly, basis
    ☐    Plan Changed to _____
    ☐    Amount of Insurance Changed to _____
    ☐    Added _____
    ☐    Eliminated _____
    ☒    Policy Issued Special Class, premium or cost of insurance increased.
    ☐    Waiver of Premium, Waiver of Monthly Deduction, Disability Credit of Premium at Increased Premium
    ☐    Accidental Death Benefit at Increased Premium
    ☐    _____

☐   Health Certificate

    As the undersigned insured I represent that I am, and all members of my family if proposed for insurance, are in good health to the best of my knowledge and have not been ill, injured, hospitalized or attended by a physician since the application for insurance except as follows: (If none, so state) _____
    _____
    _____

_____          _____
Owner (if other than Insured)                                    Insured

                                                         _____
                                                         Second Insured

_____          _____
               Agent                                                            Date

IDNB-928-HC

**GUARANTEE LIFE INSURANCE COMPANY**

**New Life Application (Please Print or Type)**

**1. Proposed Insured for Basic Policy.**
a. Full Name ATANACIO B. BARRIENTOS   b. Date of birth M ☐ D ☐ Y 49
c. Soc. Sec. No. _____   d. Birthplace MEXICO   e. Male ☐ Female X
f. Height 5'4   Weight 150   Weight loss in last 12 months? none   g. Driver's license # ____
h. Residential Address 5239 Ridgevan   City Houston
State TX   Zip 77053   County Harris   Phone No. (281) 416-0883
i. Employer Barrientos Framing   Occupation Supervisor   How Long 34 r5
Address 5241 Ridgevan   Describe Duties supervise & helper.
City Houston   State TX   Zip 77053
Phone No. (281) ____   Annual Earned Income ____
Most convenient place to call you: X Home ☐ Work. Best day(s) to call ____ Best Time ____ am-pm

**2. Name of Spouse if Included or Applicant, if payor waiver requested.**
a. Full Name ____   b. Relationship ____   c. Male ☐ Female ☐
d. Birthplace ____   e. Date of birth M ___ D ___ Y ___   f. Soc. Sec. No. ____
g. Height ____ Weight ____   Weight loss in last 12 months? ____ Driver's license # ____

**3. List all Level Term Rider Children and or Specified Insured Applicants. Complete #12 if age 23 and over for SIR:**

| Names | Relationship | Sex | Birthdate M | D | Y | Birthplace | Height | Weight |
|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | |
| b. | | | | | | | | |
| c. | | | | | | | | |
| d. | | | | | | | | |

e. Are all children listed the natural or legally adopted children of the Proposed Insured or Spouse, and is the permanent residence the residence of the Proposed Insured?   ☐ YES   ☐ NO   If NO, explain in ...

**4. OWNER, if other than Proposed Insured #1. Include contingent owner, if any, in #7. (If trust, give name, date of tr...**
a. Full Name ____   b. Soc. Sec. or Tax I.D. # ____
c. Address ____ City ____ State ____ Zip ____
d. Purpose of Insurance ____

**5. PLAN OF INSURANCE**
a. Plan of Insurance 30 Yr. Term   b. Amount of Insurance 100,000
c. Riders:          Amounts          Option (if U.L.)   ☐ A (Increasing)   ☐ B (Lev...
  ☐ Accidental Death Benefit   ____   ☐ Waiver of Premium
  ☐ Automatic Increase Benefit   ____   ☐ WMD ☐ DCP (For U.L.) ____
  ☐ LTR-Spouse   ____   ☐ APL included if available unless box checked
  ☐ LTR-Children   ____   ☐ ____
  ☐ Specified Insured Rider   ____   ☐ ____

**6. PREMIUMS**
a. Mailing Address X Res.   ☐ Bus.   ☐ Other; give full address in number 7.   Amount remitted with application $ 49.48
b. Premium Mode ☐ Annual   ☐ Semiannual   ☐ Quarterly   X BD   ☐ Other ____
c. Planned Periodic Premium (UL only) $ ____   Additional Deposit (U.L.) ____

**7. Details and special requests.** Process B
mail all 3 together

IDNB 1 (1-99)   -1-

8. **Beneficiaries** (print full name, give percentage share for each and relationship to proposed insured)

|  | Full names and social security number | % Share | Relationship to Proposed Insured |
|---|---|---|---|
| a. Primary | *Aurora Barrientos* | 100 | *Spouse* |
| b. Contingent | | | |

9. **LIFE INSURANCE CURRENTLY INFORCE ON PROPOSED INSURED(S).** Check if none ☐

a. | Indicate Name of Company and proposed insured | Amount | Accidental Death | Issue Date | State if Personal or Business Insurance |
|---|---|---|---|---|
| *IOF Foresters* | 100,000 | *Term* | 06/98 | *Personal* |
| | | | | |

b. Will the policy applied for replace or change any life insurance or annuity policy in force? ☒ Yes ☐ No
   If "Yes" list companies and complete the required state replacement forms *IOF Foresters*

c. Has other life insurance been applied for in last 90 days? ☐ Yes ☒ No. If yes, explain

10. For any person proposed for insurance:

Give full details to "Yes" answers in remarks

|  | YES | NO |
|---|---|---|
| a. Are you a citizen of the United States? | ☐ | ☒ |
| If "NO", provide country, type of visa, and expiration date in remarks, below. | | |
| b. Do you have any plans to travel or live outside the USA or Canada, or have you in the last three years? | ☐ | ☒ |
| c. Have you flown, or intend to fly as a pilot, student pilot, or crew? | ☐ | ☒ |
| d. In the last three years, have you engaged in, or do you intend to engage in motorized racing, hang gliding, scuba diving below 60 feet, mountain climbing, or any other similar sport or avocation? | ☐ | ☒ |
| If "YES" to "c" or "d" complete supplemental questionnaire. | | |
| e. In the past three years, have you had two or more moving violations, been convicted of reckless driving or driving while intoxicated in last five years? | ☐ | ☒ |
| f. Have you been convicted of, or are you awaiting trial for a felony? | ☐ | ☒ |
| g. Have you ever used any tobacco-based products? | ☐ | ☒ |
| If "YES" when did the proposed insured last use tobacco based products? Month and year_____ Type used *never* Quantity_____ | | |
| h. Have you applied for insurance which was declined or modified? | ☐ | ☒ |
| i. Have you in the past 5 years, received or requested Worker's comp, Soc. Sec., disability income payment? | ☐ | ☒ |

11. **REMARKS AND DETAILS TO "YES" ANSWERS.**
*10a.) Resident Alien - in the process of becoming American Citizen.*

12. **Questions for Specified Insured Applicants (Age 23 and over)     Soc. Sec. No._____**

a. Residential Address_____ City_____ Zip____ Phone ( )_____
b. Business Address_____ City_____ Zip____ Phone ( )_____
c. Employer_____ Occupation_____ How Long____
d. Describe Duties_____ Annual Earned Income_____
e. Primary Beneficiary_____ Relationship_____
f. Contingent Beneficiary_____ Relationship_____



**GUARANTEE LIFE INSURANCE COMPANY**

In continuation of and forming part of application for insurance in the

Guarantee Life Insurance Company
P.O. Box 2615
Omaha, NE 68103-2615
1-800-462-4660
FAX 402-351-2891

## GUARANTEE LIFE INSURANCE COMPANY

| Full Name of Proposed Insured | Month | Birthday | Year | Agent Requesting Exam | Amount of Insurance |
|---|---|---|---|---|---|
| ATANACIO B. BARRIENTOS   Date of Birth | | | 49 | RUDOLPH SALOEVER | 100K |

1. a. Name and address of your personal physician? (If none, so state) SHLAS'N ISRAEL PEOPLE CLINIC Mac B 77074   717-272-2600

   b. Date and reason last consulted? 3/7/99 Checkup Routine normal

   c. What treatment was given or medication prescribed? none

| Have you ever been treated for or ever had any known indication of: | Yes | No |
|---|---|---|
| a. Disorder of eyes, ears, nose, or throat? | ☐ | ☐ |
| b. Dizziness, fainting, convulsions, headache; speech defect, paralysis or stroke; mental or nervous disorder? | ☐ | ☐ |
| c. Shortness of breath, persistent hoarseness or cough, blood spitting; bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder? | ☐ | ☐ |
| d. Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? | ☐ | ☐ |
| e. Jaundice, intestinal bleeding; ulcer, hernia, appendicitis, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disorder of the stomach, intestines, liver or gallbladder? | ☐ | ☐ |
| f. Sugar, albumin, blood or pus in urine; venereal disease; stone or other disorder of kidney, bladder, prostate or reproductive organs? | ☐ | ☐ |
| g. Diabetes; thyroid or other endocrine disorders? | ☐ | ☐ |
| h. Neuritis, sciatica, rheumatism, arthritis, gout, or disorder of the muscles or bones, including the spine, back, or joints? | ☐ | ☐ |
| i. Deformity, lameness or amputation? | ☐ | ☐ |
| j. Disorder of skin, lymph glands, cyst, tumor, or cancer? | ☐ | ☐ |
| k. Allergies; anemia or other disorder of the blood? | ☐ | ☐ |
| l. Excessive use of alcohol, tobacco, or any habit-forming drugs? | ☐ | ☐ |
| 3. Are you now under observation, treatment or medication? | ☐ | ☐ |
| 4. Have you had any change in weight in the past year? | ☐ | ☐ |
| 5. Other than above, have you within the past 5 years: | | |
| a. Had any mental or physical disorder not listed above? | ☐ | ☐ |
| b. Had a checkup, consultation, illness, injury, surgery? | ☐ | ☐ |
| c. Been a patient in a hospital, clinic, sanatorium, or other medical facility? | ☐ | ☐ |
| d. Had electrocardiogram, X-ray, other diagnostic test? | ☐ | ☐ |
| e. Been advised to have any diagnostic test, hospitalization, or surgery which was not completed? | ☐ | ☐ |
| 6. Have you ever had military service deferment, rejection or discharge because of a physical or mental condition? | ☐ | ☐ |
| 7. Have you ever requested or received a pension, benefits, or payment because of an injury, sickness, or disability? | ☐ | ☐ |
| 8. Family History: Tuberculosis, diabetes, cancer, high blood pressure, heart or kidney disease, mental illness or suicide? | ☐ | ☐ |

DETAILS of "Yes" answers. (IDENTIFY QUESTION NUMBER, CIRCLE APPLICABLE ITEMS: Include diagnoses, dates, duration and names and addresses of all attending physicians and medical facilities.)

2G) Diabetes 1995 onset

(E) GLUCOPAGE 500 , GLUCOTROL 10 mg
1 time a day on both at present.
DR VICTOR HUGO ARELLANO 713-558-90/1
12/3) RICHMOND AVE #108 HOUSTON TX 77082
Presently going DR SHLAEN ISRAEL
SEE 1 a ADDRESS

3) SEE 2G.

| | Age if Living? | Cause of Death? | Age at Death? |
|---|---|---|---|
| Father | 85 | | |
| Mother | 75 | | |
| Brothers and Sisters | 59, 52 | | |
| No. Living   8 | 48,42,36 | | |
| No. Dead   2 | 3- | | |

9. Females only:

| | Yes | No |
|---|---|---|
| a. Have you ever had any disorder of menstruation, pregnancy or of the female organs or breasts? | ☐ | ☐ |
| b. To the best of your knowledge and belief are you now pregnant? | ☐ | ☐ |

I represent that all statements and answers above are complete and true and agree that they constitute a part of my application for insurance.

AUTHORIZATION: I hereby authorize and request any physician, clinic or hospital to furnish the Guarantee Life Insurance Company any and all information regarding my condition when under observation or treatment by them. A copy of this authorization shall be as valid as the original.

Dated at Houston Tx   this 29 day of Sept   19 99

Witnessed by _____   Medical Examiner

x Atanacio Barrientos
Signature of Proposed Insured

IDNB2 (10/95)

**13. HEALTH HISTORY**

The following questions apply to **all** persons proposed for insurance. Give full details to "YES" answers in Number 14.

a. **Primary Insured:** Name and address of personal physician: Name *Dr. Shlain Israel @ People Clinic*

Address *6630 Denoss St.* City *Hou* State *TX* Zip *77074*

Phone No. *(713) 272-2600* Date, reason last seen *3-7-99* *Check-up (routine)*

b. **Spouse Insured:** Name and address of personal physician: Name _____

Address _____ City _____ State _____ Zip _____

Phone No. ( ) _____ Date, reason last seen _____

c. **Other Insured(s):** Name and address of personal physician: Name _____

Address _____ City _____ State _____ Zip _____

Phone No. ( ) _____ Date, reason last seen _____

|  | YES | NO |
|---|---|---|
| d. Have any of your immediate family (parents, brothers, sisters) died from heart disease or cancer prior to age 60? If "YES", identify family member, cause, age at death in Number 14. | ☐ | ☒ |
| e. Have you within the past 7 years been diagnosed as having, or been treated for acquired immune deficiency syndrome (AIDS), or AIDS-related complex (ARC), or tested positive for antibodies to the HIV virus? | ☐ | ☒ |
| f. Have you ever had, or been told of having: high blood pressure, or disease of the heart or blood vessels; stroke, chest pain, cancer or tumor of any kind; gastric or intestinal disorder; diabetes; mental or nervous disorder; epilepsy; lung or respiratory disorder; kidney or urinary tract disorder; disorder of the blood or lymph nodes; hepatitis or liver disorder? If "YES", circle the items that pertain and give full details in Number 14. | ☒ | ☐ |
| g. Have you ever received advice, counseling, or treatment as the result of the use of alcohol or drugs? | ☐ | ☒ |
| h. Have you ever used cocaine (including crack), heroin, LSD, PCP, amphetamines, barbiturates, any derivative of these drugs, or any other substance except as prescribed by a physician? | ☐ | ☒ |
| i. Have you in the past five years been hospitalized or have you consulted, been examined or treated by any other physician, psychiatrist, or medical practitioner not disclosed in response to the previous questions? Give full details to "YES" in Number 14 (names, addresses, dates) | ☐ | ☒ |
| j. Are you taking, or have you been advised to take, any medication in the last 5 years? | ☐ | ☐ |

**14.** Details of "YES" answers in number 13; list names and addresses of doctors and hospitals, diagnosis, treatments, results, dates and recovery.

| Question No. | Proposed Insured | |
|---|---|---|
| 13 F. | Atanacio | diabetic on medication. Saw Dr. Kozak, Jeffrey on 8/8/98 @ Peoples Clinic (same as above)  Medication: "Glucophage" 500mg and "Glipizide" 10mg  one a day. |

**HOME OFFICE USE ONLY ENDORSEMENT**   (Not applicable in State of West Virginia)

*See Form 928*

-3-

**AGREEMENT:**

The Proposed Insured(s) and the Applicant, if other than the Proposed Insured(s), agree that:

1. I have read the statements and answers in this application. To the best of my knowledge and belief, they are tri complete, and correctly stated.

2. The statements and answers given in this application and any amendments to it, along with statements made to t medical examiner, will be the basis of any insurance issued.

3. No agent, broker, or medical examiner or physician has authority to make or alter any contract for the Company.

4. Unless the policy becomes effective as specified in the Conditional Receipt attached to this application, Guarantee L will incur no liability until: (a) the full first premium is paid; and (b) the policy applied for has been delivered to a accepted by me. When I accept the policy, the state of health of the proposed insured(s) or any other factor which affe insurability must be the same as set forth in this application.

5. I have received the Conditional Receipt if money was submitted with this application. I have read the Condition Receipt and agree to its terms, conditions, and limits. They have been fully explained to me by the agent or brok

---

**AUTHORIZATION**

I authorize any physician, medical professional, hospital, clinic, other medical or medically related facility, insurance reinsurance company, the Medical Information Bureau, Inc., consumer reporting agency or employer, having informati available as to diagnosis, treatment and prognosis with respect to any physical or mental condition and / or treatment me or my minor children and any other nonmedical information about me or my children, to give to Guarantee Life Insuran Company, or its reinsurers, or all of the above sources, any and all such information.

I understand the information obtained by use of this authorization will be used by Guarantee Life Insurance Company or reinsurers, to determine eligibility for insurance. Any information obtained will not be released by Guarantee Life Insuran Company to any person or organization EXCEPT to reinsurance companies, the Medical Information Bureau, Inc., or oth persons or organizations performing business or legal services in connection with my application, or as may be otherw lawfully required or as I may further authorize.

I know that I may request to receive a copy of this authorization, I agree that a photographic copy of this authorizat shall be as valid as the original. I acknowledge receipt of the notice of insurance information practices. I agree this authorizat shall be valid for thirty (30) months from the date shown below.

Dated at: City _Houston_ State _TX_, this _30TH_ day of _Aug_ Year _99_

Signatures below indicate acceptance of the "Agreement" and "Authorization" sections above.

X _Ignacio Barrientos_                          X _____
Signature of **Proposed Insured**                Signature of **Spouse**, or other proposed insured.
(If minor, signature of legal guardian).

X _____                        X _____
Signature of **Owner/Applicant** (if other than proposed insured)   Signature of **Other Proposed Insured**

X _____                        X _____
Signature of **Agent or Witness**                Signature of **Other Proposed Insured**

-4-

11/30/2016 10:28:47 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14019673
By: DANIEL FLORES
Filed: 11/30/2016 10:28:47 AM

CAUSE NO. 2016-35858

| | | |
|---|---|---|
| ATANACIO BARRIENTOS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 55th JUDICIAL DISTRICT |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant The Lincoln National Life Insurance Company ("Lincoln National") files this original answer to Plaintiff's First Amended Original Petition (the "Amended Petition") and states:

## ANSWER

1.     **General Denial.**  Subject to such admissions and stipulations as may be made at the time of trial, Lincoln National denies generally and specially the material allegations contained in the Amended Petition and demands strict proof thereof in accordance with the requirements of the laws of this State.

## REQUESTED RELIEF

2.     **Prayer.**  Lincoln National respectfully requests the following relief:

(a)     That Plaintiff take nothing by reason of his suit;

(b)     That Lincoln National recover its court costs; and

(c)     That Lincoln National have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

**DEFENDANT'S ORIGINAL ANSWER** - Page 1

Respectfully submitted,

FIGARI + DAVENPORT, LLP

By:     /s/ Andrew C. Whitaker
        Andrew C. Whitaker
        State Bar No. 21273600
        andrew.whitaker@figdav.com

901 Main Street, Suite 3400
Dallas, Texas  75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANT
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent by email and certified mail, return receipt requested, to Mr. Anis Damani, Damani Law Firm, PLLC, 8303 Southwest Freeway, Suite 111, Houston, Texas 77074, on this 30th day of November, 2016.

                /s/ Andrew C. Whitaker
                Andrew C. Whitaker